UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AARON EVAN RABINOVITZ

     Plaintiff,

 -against-

SECURITY CREDIT SYSTEMS, INC., AND
JOHN and JANE DOES 1 – 10,

     Defendant(s).
------------------------------------------------------------------X

Civil Action No.

09-CIV. 6052

**DEMAND FOR JURY TRIAL**

JUDGE SEIBEL

  Plaintiff AARON RABINOVITZ ("Plaintiff" and/or "Rabinovitz"), by and through his attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant SECURITY CREDIT SYSTEMS, INC. ("SCS") and JOHN and/or JANE DOES 1–10 ("Does") (SCS and Does hereinafter individually and jointly referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

  1. Plaintiff brings this action on his/her own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), as well as certain state law claims.

## PARTIES

  2. Plaintiff is a resident of the State of New York, residing at 7 Paiken Drive, Spring Valley, N.Y. 10977.

  3. Defendant SCS is a corporation organized in New York with an address at

Theater Place, 622 Main Street, Suite 301, Buffalo, N.Y. 14202.

4. SAS is a "debt collector" as the phrase is defined and used in the FDCPA

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

7. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 on behalf of himself/herself and all persons/consumers, along with their successors in interest, who have received similar debt collection notices and/or letters/communications from the Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of SCS and the Does.

8. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

9. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from the Defendant which violates various provisions of the FDCPA.

10. The debt collection notices and/or letters/communications from the Defendant, received by the Class, are to be evaluated by the objective standard of the

hypothetical "least sophisticated consumer".

11. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether the Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by the Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

12. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

13. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA as codified by 15 USC §1692(k).

14. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

15. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

16. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.

Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

17. Plaintiff will fairly and adequately represent the Class members' interests in that the Plaintiff's counsel is experienced and, further, anticipates that no impediments in the pursuit and maintenance of the class action as sought herein.

18. Absent a class action the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, this allowing and enabling the Defendant's conduct to proceed and further enjoy the benefit of its ill-gotten gains.

19. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21. On information and belief, Defendant, Security Credit Systems, Inc. ("SCS") on behalf of a third-party, began collecting an alleged consumer debt from the Plaintiff, an individual named Aaron Even Rabinovitz.

22. On information and belief, on an exact date better known to Defendant, Defendant began its collection efforts and campaign of communicating with the Plaintiff to

collect the alleged debt.

23. From on or about December 2008 to June, 2009, Defendant undertook an extensive and harassing effort to collect from Plaintiff the alleged debt. The efforts including multiple weekly and daily phone calls, numerous messages left on an answering machine, and at least three letters.

24. At all times, the Defendant's Phone Communications were devoid of the required disclosures and/or warnings.

25. On or about December 2008 the Plaintiff received an initial communication from the defendant in writing ("December Letter") demanding payment for the alleged debt. The Plaintiff contacted the Defendant immediately and left a message ("Plaintiffs December Message") on their phone informing the Defendant that there was an error and that he was not the Aaron Evan Rabinovitz they were looking for and did not have anything to do with the debt and that the Defendant should cease and desists contacting him.

26. Subsequent to the Plaintiff's initial message to the Defendant, the Defendant contacted the Plaintiff again.

27. On numerous occasions subsequent to the Plaintiff's initial message, during Defendant's calls and by messages left on the Defendant's phone, Plaintiff informed Defendant that: (i) He, Aaron Even Rabinovitz had never attended County College of Morris; (ii) that he was not the person they were looking for, and (iii) to stop calling.

28. On one particular phone conversation initiated by the Defendant, the Plaintiff asked for proof of the debt, and received a letter from the Defendant's dated 3/31/09 ("March Letter") consisting of a computer generated explanation of the charges and statement of accounts receivable detailing the debt, and dating the debt to 01/16/01.

29. The March Letter stated that "this information will prove that the debt owed is valid" and "further collection action will be held until 4/13/09". Despite the Defendant's written statement that further collection efforts will be held until 4/13/09, the Plaintiff immediately thereafter received from the Defendant phone calls everyday, until the Defendant's received Plaintiff's letter dated 5/13/09 ("Plaintiff's May Letter") in response to the Defendant's March Letter.

30. The Plaintiff's May Letter once again denied that he was the Aaron Even Rabinovitz allegedly registered at County College of Morris and that the responsible party was either another Aaron Even Rabinovitz or someone had stolen his identity. The Plaintiff further requested the defendant to "desist immediately with threats of payment and aggressive phone calls until the matter of identity could be resolved."

31. In response the Defendant sent another letter dated June 12, 2009 ("June Letter") with "verification of debt" consisting again of a computer generated statement listing the explanation of charges. The letter did not address or resolve the issue of identity as requested in Plaintiff's May Letter. The Defendant's June Letter further asked for payment, thereby ignoring the Plaintiff's request to desist collection efforts until the issue of identity could be resolved.

32. The Plaintiff then called County College of Morris on June 18th and requested the registration form that was filled in and proof of registration. The County of College of Morris directed the Plaintiff to an outside agency called the National Student Clearinghouse. The Plaintiff then contacted the National Student Clearinghouse and requested the registration form and proof of registration. The National Student Clearinghouse then sent the Plaintiff an Enrollment Verification Certificate stating that they

are unable to verify enrollment for this subject student.

33. Both the Defendant's March Letter and June Letters sent to the Plaintiff are a mass-produced computer generated communications.

34. Both the Defendant's March letter and June Letter a statement "This is an attempt to collect a debt. Any information obtained will be used for that purpose."

35. At all times, the Defendant's written communication were devoid of the complete required disclosures and/or warnings, including the failure to state that the communication was from a debt collector as required by 15 USC §1692(e)(11).

36. By failing to provide the required disclosures and/or warnings during the Defendant's written and oral communications, the Defendant violated 15 USC §1692e(11).

37. As a result of Defendant's abusive, deceptive and unfair debt collection practices, Plaintiff and the Class have been damaged.

38. Aware of the Plaintiffs' Phone and Written Responses, and having access to other documentation/information, Defendant knew or should have known that there was no proof of enrollment, and they were unable to verify enrollment of the Plaintiff at County College of Morris and that (i) that the Plaintiff was either mistaken for someone else or; ii) the Plaintiff was the victim of identity theft.

39. Aware of the Plaintiffs' Phone and Written Responses to cease and desist in attempting to collect the debt until the issue of identity was cleared up, the Defendant continued to attempt to collect the debt.

40. Subsequent to the Plaintiff's May Letter, the Defendant contacted the Plaintiff again.

41. By continuing contact with the Plaintiff after the Plaintiff's May Letter, the Defendant violated 15 USC §1692c(c).

42. In response to the Plaintiff's request of proof of the debt the Defendant provided a computer generated statement of account student receivable. Defendant claimed in the March Letter that this information will prove that the debt owed is valid. It did not prove the debt and the Defendant should have known that this was an incorrect and misleading statement. The Defendant at the same time being unable to verify the enrollment of the Plaintiff at County College of Morris Defendant knew and/or was well aware that the Plaintiff is/was not responsible for the alleged debt in any regard.

43. With the SCS phone calls, and with knowledge of the Plaintiff's phone responses and written response, Defendant sought to annoy, abuse and/or harass Plaintiff.

44. With the SCS March Letter and June Letters, Defendant sought to annoy, abuse and/or harass Plaintiff.

45. With the SCS phone calls and March Letter and June Letters, the Defendant violated 15 USC §1692d preface, 15 USC §1692e(11), 15 USC §1692e(10), 15 USC §1692e preface, and USC §1692c(c).

46. As a result of Defendant's abusive, deceptive and unfair debt collection practices, Plaintiff and the Class have been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

47. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "46" herein with the same force and effect as if the same were set forth at length herein.

48. Defendant's debt collection efforts attempted and/or directed towards the

Plaintiff violated various provisions of the FDCPA, including but not limited to 15 USC §1692d preface, 15 USC §1692e(11), 15 USC §1692e(10) and 15 USC §1692e preface.

49. As a result of Defendant's violations of the FDCPA, Plaintiff and the Class have been damaged and are entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

50. Plaintiff AARON EVEN RABINOVITZ hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff AARON EVEN RABINOVITZ on its behalf and on behalf of the members of the Class, demands judgment from the Defendants SECURITY CREDIT SYSTEMS, INC. and JOHN and/or JANE DOES 1–10 as follows:

A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

C. For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
June 29th, 2009

Respectfully submitted,

By: /s/ Rephen
M. Harvey Rephen (MR3384)
M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone: (212) 796-0930
Facsimile: (866) 832-8600

*Attorneys for the Plaintiff*
*AARON EVAN RABINOVITZ*

To: SECURITY CREDIT SYSTEMS, INC.
Theater Place, 622 Main Street, Suite 301
Buffalo, N.Y. 14202
*(Via Prescribed Service)*

Clerk,
United States District Court, Eastern of New York
*(For Filing Purposes)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          CASE NO.:

AARON EVAN RABINOIVITZ,

                              Plaintiff(s),

-against-

SECURITY CREDIT SYSTEMS, INC.C and JOHN and/or JANE DOES 1 – 10,

                              Defendant(s).

## COMPLAINT

*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*708 Third Avenue, 6th Floor*
*New York, New York 10017*
*Phone:    (212) 796-0930*
*Facsimile: (866) 832-8600*